**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CENTRAL DIVISION**

JASON MYERS,

        Plaintiff,

vs.

TURSSO COMPANY, INC.,

        Defendant.

No. C 07-3016-MWB

**MEMORANDUM OPINION AND
ORDER REGARDING PLAINTIFF'S
MOTION FOR PARTIAL SUMMARY
JUDGMENT**

_____

**TABLE OF CONTENTS**

*I.  INTRODUCTION* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2
    *A.  Factual Background* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2
    *B.  Procedural Background* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*II.  LEGAL ANALYSIS* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9
    *A.  Summary Judgment Standards* . . . . . . . . . . . . . . . . . . . . . . . . . . . 9
    *B.  Applicability Of Equitable Estoppel To FMLA Requirements* . . . . . . . 14
    *C.  Elements Of Equitable Estoppel* . . . . . . . . . . . . . . . . . . . . . . . . 17
        *1.  Misrepresentation* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18
            *a.  Arguments of the parties* . . . . . . . . . . . . . . . . . . . 18
            *b.  Analysis* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19
        *2.  Reliance* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 22
            *a.  Arguments of the parties* . . . . . . . . . . . . . . . . . . . 22
            *b.  Analysis* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 23

*III.  CONCLUSION* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 25

U nusual as it is in an employment discrimination case, this matter comes before the court on the *plaintiff employee's* motion for partial summary judgment. The employee's motion is to "test" whether or not he can pursue a claim under the Family and Medical Leave Act (FMLA), 29 U.S.C. §§ 2601-2654, even though he admits that the defendant employer has insufficient employees at his worksite to be subject to the requirements of the FMLA. The plaintiff asserts that his FMLA claim is still viable, because the employer should be equitably estopped to assert that it was not covered by the FMLA based on representations in an employee handbook and a notice of FMLA rights posted on the employee notices bulletin board. The employee asserts that these representations led employees to believe that the employer was covered by the FMLA. The employer disputes that it represented that it was covered by the FMLA, but that, in any event, the plaintiff employee did not rely on any such representations when he took leave for an unexpected health problem.

## I.  INTRODUCTION

### A.  Factual Background

The facts relevant to the present motion for partial summary judgment are relatively straight forward and mostly undisputed:◘[1]

---

[1]Defendant Tursso admits two of the three paragraphs of plaintiff Myers's Statement Of Uncontested Material Facts and admits the third paragraph with certain qualifications. *Compare* Plaintiff's Statement Of Uncontested Material Facts (docket no. 9-2), *with* Defendant's Response To Plaintiff's Statement Of Uncontested Material Facts (docket no. 13-2). Tursso asserts an additional thirteen paragraphs of facts in its Statement Of Additional Material Facts That Preclude Partial Summary Judgment In Favor Of The Plaintiff (docket no. 13-3), but Myers filed no reply to Tursso's Statement Of Additional Material Facts. Therefore, the facts in Tursso's Statement Of Additional Material Facts

(continued...)

Case 3:07-cv-03016-MWB   Document 17   Filed 07/13/07   Page 2 of 26

Plaintiff Jason Myers was a long-time, full-time employee of defendant Tursso Company, Inc., (Tursso), a commercial printer incorporated and headquartered in St. Paul, Minnesota.  For a majority of his career with Tursso, Myers worked as a press operator at Tursso's smaller plant in Fort Dodge, Iowa.  Tursso's main plant is in St. Paul.  It is undisputed that Tursso does not employ at least 50 employees at its Fort Dodge location or within 75 miles of that location, but that it does employ more than 50 employees at its St. Paul location.

Tursso provides employees at both of its plants with copies of a handbook entitled "Personnel Policies of Tursso Companies, Inc." (Personnel Policies Handbook). Plaintiff's Appendix at 1-21.  The Personnel Policies Handbook begins with a message from the CEO, Dennis J. Tursso, which states, in part, as follows:

> Our handbook has been assembled to provide you with pertinent company information regarding rules, policies and benefits.  It is important that everyone take the time to read and familiarize themselves with the information contained within this handbook.

Plaintiff's Appendix at 1.  Although Tursso points out that the Personnel Policies Handbook was prepared in Minnesota, Tursso admits that the Personnel Policies Handbook was disseminated by Tursso to its employees in both St. Paul and Fort Dodge.  Nothing in the Personnel Policies Handbook differentiates between employees at Tursso's St. Paul and Fort Dodge plants.

---

[1](…continued)
are deemed admitted by operation of N.D. Iᴀ. L.R. 56.1(d).  Other facts that the court deems pertinent to the context of the present lawsuit, such as information about Myers's absence in 2006 and his termination in January 2007, can be gleaned from the parties' briefs, even though they are not mentioned in either party's statement of facts.

Three pages of the Personnel Policies Handbook are devoted to "Leave of Absence—FMLA." Plaintiff's Appendix at 11-13. This section states, "Tursso Companies' FMLA policy complies with [the FMLA]." Plaintiff's Appendix at 11. Among other requirements, it also states, "Employees eligible for this [FMLA] leave are those who have been employed by the company for at least 12 months [and] have worked at least 1250 hours during the previous 12 month period." Plaintiff's Appendix at 11. This section of the Personnel Polices Handbook does not mention the employee numerosity requirement for an employer to be covered by the FMLA or any other disclaimer of coverage of certain employees at one or the other of Tursso's facilities.

The section of the Personnel Policies Handbook regarding FMLA leave also requires notification by an employee to the company of an employee's desire to take FMLA leave and medical certification for such leave, as follows:

> Notification
> Any employee, who seeks to take such leave, must provide the company with at least 30 days advance notice where the need for the leave is foreseeable. If notice is not provided, and the need for the leave was foreseeable, leave may be delayed up to 30 days. Where unforeseen events occur that require leave under this policy, employees must give notice as soon as practicable. (See Human Resources for request forms.)
>
> Upon receipt and review of employee's request, a "Response to Employee Request for FMLA" form will be presented to requesting employee advising eligibility status.
>
> Medical Certification
> The company requires a medical certification from a health care provider to support a leave request to care for an employee's seriously ill family member (spouse, child or parent), or due to a serious health condition, which makes the employee unable to perform the functions of the employee's

4

> job. This medical certification must be provided to the
> company within 15 calendar days after request for leave,
> unless the need for leave is unforeseen. Leave may be refused
> until such certification is provided. Under some
> circumstances, the company may request additional medical
> certification, at the company's expense, to verify the need for
> the leave. If the opinions of the first and second health care
> provider differ, the company may require a third opinion, at
> the company's expense, from a health care provider mutually
> agreed upon by employer and employee. If adequate medical
> certification is not provided, leave may be denied. (See
> Human Resources for Certification forms.)

Plaintiff's Appendix at 11-12. After describing benefits under the FMLA and other requirements for FMLA leave, the FMLA leave section of the Personnel Policies Handbook concludes with the statement, "Should you have any questions regarding your rights under the Federal Family and Medical Leave Act of 1993 or this policy and its application to you, please see Human Resources Manager or immediate supervisor." Plaintiff's Appendix at 12-13. The parties do not dispute that Myers had notice of Tursso's FMLA leave policies from the Personnel Policies Handbook. They also do not dispute that he did not make any inquiries about Tursso's FMLA leave policy.

In addition to the explanation of Tursso's FMLA leave policy in the Personnel Policies Handbook, Tursso placed a poster captioned "Your Rights under the Family and Medical Leave Act of 1993" on the employee notices bulletin board in the employees' break room at the Fort Dodge plant. Plaintiff's Appendix at 23-24. Tursso points out that, along with a description of the FMLA, this poster specifically states the employee numerosity requirement for an employer to be covered by the FMLA, as follows:

> FMLA requires covered employers to provide up to 12 weeks
> of unpaid, job-protective leave to "eligible" employees for
> certain family and medical reasons. Employees are eligible if

5

> they have worked for their employer for at least 1 year, and
> for 1,250 hours over the previous 12 months, *and if there are
> at least 50 employees within 75 miles*.

Plaintiff's Appendix at 24 (emphasis added). Tursso contends that this FMLA rights poster is the "standard" United States Department of Labor notice. The parties do not dispute that Myers had notice of this poster.

It is undisputed that Tursso grants employees leave in accordance with the FMLA at its St. Paul location, but Tursso maintains that it does not consider itself a covered employer required to comply with the FMLA at its Fort Dodge location. Nothing in the record indicates that Tursso communicated to employees at its Fort Dodge location that their benefits were any different from those provided to employees at Tursso's St. Paul location, however, let alone that employees at the Fort Dodge location were not eligible for FMLA leave, despite the reference to FMLA leave in the Personnel Policies Handbook and the poster concerning FMLA rights on the employee notices bulletin board.

The parties agree that Myers was absent from work in late 2006, because he was suffering from meningitis, although they dispute whether his absence began in mid-November or mid-December.[2] They agree that, if he had been eligible for FMLA leave, he would not have exhausted that leave by the time that he attempted to return to work on January 8, 2007. When Myers attempted to return to work, he presented a slip from his doctor stating that he could return to work for half days to start. Myers asserts that it was anticipated that he would be ready to work full time in about a week. Instead of allowing Myers to return to work, however, Tursso discharged him on January 8, 2007, owing to his extensive absences.

---

[2]Whether or not Myers's condition qualified as a serious health condition under the FMLA is not at issue on Myers's motion for partial summary judgment.

6

It is undisputed that Myers did not ask anyone at Tursso about his eligibility for FMLA leave, did not provide Tursso with any notification that he sought to take FMLA leave, did not request FMLA leave, and did not provide any medical certification for his absence prior to or during his leave of absence leading to his discharge on January 8, 2007. It is also undisputed that Tursso never provided Myers with notice of his eligibility status for FMLA leave, because Myers had never made a request for FMLA leave. At the time of his discharge, Myers did not claim that he relied on the reference to FMLA leave in the Personnel Policies Handbook or the notice of FMLA rights posted on the employee notices bulletin board. It is also undisputed that no one at Tursso made any representations to Myers that he was eligible to receive FMLA leave for his absence prior to his discharge other than the representations that Myers contends were made in the Personnel Policies Handbook and the notice of FMLA rights posted on the employee notices bulletin board.

### B. Procedural Background

Plaintiff Jason Myers filed a Complaint and Jury Demand (docket no. 1) in this action on February 28, 2007, against defendant Tursso Company, Inc., asserting the following claims: interference with rights under the FMLA arising from his termination on January 8, 2007; retaliation for taking FMLA leave, again arising from his termination on January 8, 2007; and failure to pay a 3% wage increase from an effective date of February 6, 2006, in violation of IOWA CODE § 91A.8. Myers prays for declaratory judgment that Tursso's refusal to restore him to his job as a press operator or an equivalent job violates the FMLA; compensatory damages for the FMLA violation and restoration to his former position or an equivalent job; liquidated damages for the FMLA violation; attorney fees and costs for pursuing the FMLA claim; unpaid wages and liquidated damages on his state-law wage claim; attorney fees and costs for collecting his unpaid

7

wages; and such other relief as the court deems appropriate. Tursso filed its Answer (docket no. 4) on March 26, 2007, denying Myers's claims. This matter is currently set for trial to begin on May 5, 2008.

Upon the parties' joint motion, the court dismissed Myers's unpaid wages claim on April 17, 2007, in light of the parties' representation that the unpaid wages at issue had been paid in full. *See* Order (docket no. 7). Thereafter, on May 11, 2007, Myers filed the Motion For Partial Summary Judgment (docket no. 9) now before the court, seeking a judgment that Tursso is equitably estopped from asserting that it is not a covered employer under, and need not comply with, the FMLA. After an extension of time to do so, Tursso filed its Resistance To Plaintiff's Motion For Partial Summary Judgment And Request For Oral Arguments (docket no. 13) on June 11, 2007. Although Tursso prayed that Myers's Motion For Partial Summary Judgment be denied, Tursso did not cross-move for summary judgment on Myers's FMLA claims on the ground that it is not a covered employer. Nevertheless, in response to Myers's motion, Tursso expressly denies that it is a covered employer within the meaning of the statute. *See* Defendant's Resistance, ¶ 7. Myers filed no reply.

The court heard oral arguments on Myers's Motion For Partial Summary Judgment, pursuant to Tursso's request, on July 9, 2007. At the oral arguments, plaintiff Jason Myers was represented by Blake Parker of the Blake Parker Law Office in Fort Dodge, Iowa. Defendant Tursso Company, Inc., was represented by Stuart J. Cochrane of Johnson, Erb, Bice, Kramer, Good, Mulholland & Cochrane, P.L.C., in Fort Dodge, Iowa.

Myers's Motion For Partial Summary Judgment is now fully submitted.

8

## II.  LEGAL ANALYSIS

### A.  Summary Judgment Standards

Rule 56 of the Federal Rules of Civil Procedure provides that a claimant, like a defending party, may move for summary judgment in that party's favor "upon all or any part" of that party's claims.  FED. R. CIV. P. 56(a), *and compare* FED. R. CIV. P. 56(b) (motion for summary judgment by a defending party).  "The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  FED. R. CIV. P. 56(c).  As this court has explained on a number of occasions, applying the standards of Rule 56, the judge's function at the summary judgment stage of the proceedings is not to weigh the evidence and determine the truth of the matter, but to determine whether there are genuine issues for trial.  *Bunda v. Potter*, 369 F. Supp. 2d 1039, 1046 (N.D. Iowa 2005); *Steck v. Francis*, 365 F. Supp. 2d 951, 959-60 (N.D. Iowa 2005); *Lorenzen v. GKN Armstrong Wheels, Inc.*, 345 F. Supp. 2d 977, 984 (N.D. Iowa 2004); *Nelson v. Long Lines Ltd.*, 335 F. Supp. 2d 944, 954 (N.D. Iowa 2004); *Soto v. John Morrell & Co.*, 315 F. Supp. 2d 981, 988 (N.D. Iowa 2004); *see also Quick v. Donaldson Co.*, 90 F.3d 1372, 1376-77 (8th Cir. 1996); *Johnson v. Enron Corp.*, 906 F.2d 1234, 1237 (8th Cir. 1990).  In reviewing the record, the court must view all the facts in the light most favorable to the nonmoving party and give that party the benefit of all reasonable inferences that can be drawn from the facts.  *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Quick*, 90 F.3d at 1377. Furthermore, "where the unresolved issues are primarily legal rather than factual, summary judgment is particularly appropriate."  *Aucutt v. Six Flags Over Mid-America,*

*Inc.*, 85 F.3d 1311, 1315 (8th Cir. 1996) (quoting *Crain v. Bd. of Police Comm'rs*, 920 F.2d 1402, 1405-06 (8th Cir. 1990)).

Procedurally, the moving party bears "the initial responsibility of informing the district court of the basis for its motion and identifying those portions of the record which show a lack of a genuine issue." *Hartnagel v. Norman*, 953 F.2d 394, 395 (8th Cir. 1992) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)); *see also Rose-Maston v. NME Hosps., Inc.*, 133 F.3d 1104, 1107 (8th Cir. 1998); *Reed v. Woodruff County, Ark.*, 7 F.3d 808, 810 (8th Cir. 1993). When a moving party has carried its burden under Rule 56(c), the party opposing summary judgment is required under Rule 56(e) to go beyond the pleadings, and by affidavits, or by the "depositions, answers to interrogatories, and admissions on file," designate "specific facts showing that there is a genuine issue for trial." FED. R. CIV. P. 56(e); *Celotex*, 477 U.S. at 324; *Rabushka ex. rel. United States v. Crane Co.*, 122 F.3d 559, 562 (8th Cir. 1997); *McLaughlin v. Esselte Pendaflex Corp.*, 50 F.3d 507, 511 (8th Cir. 1995); *Beyerbach v. Sears*, 49 F.3d 1324, 1325 (8th Cir. 1995). An issue of material fact is "genuine" if it has a real basis in the record. *Hartnagel*, 953 F.2d at 394 (citing *Matsushita Elec. Indus.*, 475 U.S. at 586-87). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment," *i.e.*, are "material." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Beyerbach*, 49 F.3d at 1326; *Hartnagel*, 953 F.2d at 394. If a party fails to make a sufficient showing of an essential element of a claim with respect to which that party has the burden of proof, then the opposing party is "entitled to a judgment as a matter of law." *Celotex Corp.*, 477 U.S. at 323; *In re Temporomandibular Joint (TMJ) Implants Prods. Liab. Litig.*, 113 F.3d 1484, 1492 (8th Cir. 1997). Ultimately, the necessary proof that the nonmoving party must produce is not precisely measurable, but the evidence must be "such that a reasonable jury could return

10

a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248; *Allison v. Flexway Trucking, Inc.*, 28 F.3d 64, 66 (8th Cir. 1994).

The Eighth Circuit Court of Appeals has cautioned that "summary judgment should seldom be used in employment discrimination cases." *See Crawford v. Runyon*, 37 F.3d 1338, 1341 (8th Cir. 1994). This exceptional deference shown the nonmoving party is warranted, according to the Eighth Circuit Court of Appeals, "[b]ecause discrimination cases often turn on inferences rather than on direct evidence . . . . ," *E.E.O.C. v. Woodbridge Corp.*, 263 F.3d 812, 814 (8th Cir. 2001) (*en banc*) (citing *Crawford*, 37 F.3d at 1341; *Bell v. Conopco, Inc.*, 186 F.3d 1099, 1101 (8th Cir. 1999)), and because "intent" is generally a central issue in employment discrimination cases. *Christopher v. Adam's Mark Hotels*, 137 F.3d 1069, 1071 (8th Cir. 1998) (citing *Gill v. Reorganized Sch. Dist. R-6, Festus, Mo.*, 32 F.3d 376, 378 (8th Cir. 1994)). Nonetheless, this exercise of judicial prudence "cannot and should not be construed to exempt" from summary judgment, employment discrimination cases involving intent. *Christopher*, 137 F.3d at 1071 (quoting *Krenik v. County of Le Sueur*, 47 F.3d 953, 959 (8th Cir. 1995)). The fact remains that "the ultimate burden of persuading the trier of fact that the defendants intentionally discriminated against the plaintiff remains at all times with the plaintiff." *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 143 (2000). The court construes this admonition for caution in granting summary judgment in employment cases to be just as applicable to a motion for summary judgment by the plaintiff as to a motion for summary judgment against the plaintiff. Therefore, the court will apply these standards to the plaintiff's Motion for Partial Summary Judgment on the question of whether or not the defendant is estopped to assert that it is not covered by the FMLA.

Moreover, the plaintiff's motion and the defendant's response raise the question of whether the court can grant summary judgment *sua sponte* to the defendant, the non-

11

moving party, if the record reveals no genuine issues of material fact on the plaintiff's motion for summary judgment. "*Sua sponte* orders of summary judgment will be upheld 'only when the "party against whom judgment will be entered was given sufficient advance notice and an adequate opportunity to demonstrate why summary judgment should not be granted."'" *Figg v. Russell*, 433 F.3d 593, 597 (8th Cir. 2006) (quoting *Shur-Value Stamps, Inc. v. Phillips Petroleum Co.*, 50 F.3d 592, 595 (8th Cir. 1995), in turn quoting *Interco Inc. v. Nat'l Sur. Corp.*, 900 F.2d 1264, 1269 (8th Cir. 1990)); *Stone Motor Co. v. General Motors Corp.*, 400 F.3d 603, 607 (8th Cir. 2005) ("A district court may grant summary judgment sua sponte if 'the losing party was on notice that she had to come forward with all of her evidence.'") (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 326 (1986)); *Hubbard v. Parker*, 994 F.2d 529, 531 (8th Cir. 1993). Although the court may grant summary judgment *sua sponte*, it is improper for a court to do so where the issue on which summary judgment is granted was not properly raised or discussed in the parties' arguments concerning summary judgment, unless the court's ruling on issues properly raised forecloses as a matter of law the claim on which the court wishes to grant summary judgment *sua sponte*. *See Heisler v. Metropolitan Council*, 339 F.3d 622, 631-32 (8th Cir. 2003).

Here, the plaintiff expressly asserts that his motion for partial summary judgment is to "test" whether or not he can pursue a claim under the FMLA. Plaintiff's Brief In Support Of Motion For Summary Judgment (docket no. 9-5), 3 ("This motion is solely to test whether the employer has subjected itself to the statute, and enforcement of statutory terms, by giving the employees notice that it was subject to the statute."); *see also* Plaintiff's Motion For Partial Summary Judgment (docket no. 9), ¶ 7 ("Plaintiff files this Motion to determine whether he can assert the rights granted by [the FMLA] with respect to an employer who asserts that [it] will abide by such rights, but is not a 'covered

employer' within the meaning of the statute."); *id.* at Prayer ("[T]he Plaintiff moves for a Partial Summary Judgment on the issue of whether the Defendant shall be equitably estopped from asserting that [it is] not a 'covered employe[r]' and thus need not comply with the [FMLA]."). Moreover, the plaintiff contends that "[t]he only way that [he] has a cognizable claim is if this Court adopts the concept of equitable estoppel based on the fact that the employer has given notice to its employees that it will comply with the law." Plaintiff's Brief In Support Of Motion For Summary Judgment (docket no. 9-5) at 5. Finally, he asserts that this question can be answered in light of two uncontested facts: (1) the Personnel Policies Handbook given to all employees, which contains a three-page statement of employees' FMLA rights; and (2) a poster conspicuously displayed on the employee "rights" bulletin board in the employees' break room, which states "your rights" for all employees. *Id.* On this record, it is clear that the plaintiff understands that, if his claim of equitable estoppel fails as a matter of law, he has no FMLA claim, and he has fully briefed his argument that the record demonstrates, or at least generates genuine issues of material fact, that he can prove the elements of his equitable estoppel claim.

Under these circumstances, the court concludes that the plaintiff has sufficient notice that the viability of his equitable estoppel claim, and hence his FMLA claim, is at issue, and he has had an adequate opportunity to demonstrate why summary judgment should not be granted on the ground that the defendant is not a covered employer under the FMLA. *See Figg*, 433 F.3d at 597 (the party against whom judgment will be entered *sua sponte* must have had sufficient advance notice and an adequate opportunity to demonstrate why summary judgment should not be granted); *cf. Heisler*, 339 F.3d at 631-32 (summary judgment may be granted *sua sponte* if the court's ruling on issues properly raised forecloses as a matter of law the claim on which the court wishes to grant summary

13

judgment *sua sponte*).■³  Therefore, if the record shows beyond dispute that the plaintiff's equitable estoppel claim fails, the court will *sua sponte* grant summary judgment in the defendant's favor on the plaintiff's remaining FMLA claims, even though the defendant did not move for such relief.

### B.  Applicability Of Equitable Estoppel To FMLA Requirements

Although the parties do not appear to dispute the issue, the court must nevertheless consider, first, whether equitable estoppel can apply to FMLA requirements.  Generally, "[t]he doctrine of equitable estoppel prevents a party from taking inequitable advantage of a situation it caused." *Immigration Law Group, L.L.P. v. McKitrick*, 484 F.3d 998, 1001 (8th Cir. 2007) (applying Missouri law); *see also Design Professionals Ins. Co. v. Chicago Ins. Co.*, 454 F.3d 906, 912 (8th Cir. 2006) ("An equitable estoppel precludes a party from invoking a right that it could have otherwise asserted.") (applying Arkansas law); *Duty v. Norton-Alcoa Proppants*, 293 F.3d 481, 493-94 (8th Cir. 2002) ("The principle of [equitable] estoppel declares that a party who makes a representation that misleads

---

³By the same token, notwithstanding the defendant's failure to cross-move for summary judgment on the ground that it is not, as a matter of law, a covered employer nor equitably estopped to assert that it is not such an employer, it is clear that the defendant understands that the cognizability of the plaintiff's FMLA claims is at issue.  *See* Defendant's Brief In Support Of Its Resistance To Plaintiff's Motion For Partial Summary Judgment (docket no. 13-4), 2.  Although the defendant contends that it has other reasons to challenge the plaintiff's eligibility for FMLA leave, in addition to the fact that the defendant is not a covered employer, the gist of the defendant's resistance is that it did not, as a matter of law, represent that it was covered under the FMLA, that there is no evidence that the plaintiff could have reasonably relied on the Personnel Policies Handbook or poster as representing that he was eligible for FMLA leave, and that there is no evidence that the plaintiff actually did rely on representations in the Personnel Policies Handbook or the poster.  *Id.* at 6.

14

another person, who then reasonably relies on that representation to his detriment, may not deny the representation.") (applying federal law, citing *Farley v. Benefit Trust Life Ins. Co.*, 979 F.2d 653, 659 (8th Cir.1992), and also citing *Heckler v. Community Health Services of Crawford County, Inc.*, 467 U.S. 51, 59 (1984), as referring to the RESTATEMENT (SECOND) OF TORTS § 894(1) to define equitable estoppel as warranted in situations where one person has misrepresented facts and another person reasonably relies on the misrepresentation to his or her detriment).

The Eighth Circuit Court of Appeals and other courts have applied equitable estoppel to various requirements under the FMLA. In *Duty*, the Eighth Circuit Court of Appeals applied equitable estoppel to bar an employer from contesting an employee's eligibility to assert a claim for FMLA leave for the entire period of his absence, even though the employee's FMLA leave had actually expired well before his return to work, because the employer had represented to the employee in a letter that the entire period of his absence would be eligible for FMLA leave. *Duty*, 293 F.3d at 494; *and compare Slentz v. City of Republic, Mo.*, 448 F.3d 1008, 1011 (8th Cir. 2006) (finding no misrepresentation of eligibility to more than twelve weeks of FMLA leave and no reliance on any such representation, where the plaintiff had already elected to have surgery before receiving the letter that purportedly contained the misrepresentation, so that there was no basis for equitable estoppel). As the parties both recognize, other courts have also held that equitable estoppel is applicable to questions of the "eligibility" of employees for FMLA leave. *See Minard v. ITC Deltacom Communications, Inc.*, 447 F.3d 352, 358-59 (5th Cir. 2006) (holding, contrary to the lower court, that equitable estoppel is applicable to the question of an employee's "eligibility" for FMLA leave, but finding that genuine issues of material fact on the reliance element of the doctrine required further proceedings); *Kosakow v. New Rochelle Radiology Assocs., P.C.*, 274 F.3d 706, 724-25

15

(2d Cir. 2001); *see also Mutchler v. Dunlap Mem. Hosp.*, 485 F.3d 854, 860-61 (6th Cir. 2007) (recognizing that other courts had found equitable estoppel could apply to requirements of the FMLA, but finding that the plaintiff could not prove the elements necessary to invoke the doctrine); *Plumley v. Southern Container, Inc.*, 303 F.3d 364, 374 (1st Cir. 2002) (finding that the plaintiff could not establish the reliance element of equitable estoppel to pursue his claim for FMLA eligibility). Thus, as a general matter, the court concludes that the doctrine of equitable estoppel is applicable to some requirements of the FMLA.

Furthermore, while a jurisdictional requirement for a party's claim is not subject to equitable estoppel, a non-jurisdictional requirement—that is, one that is merely an element of a plaintiff's claim—may be subject to equitable doctrines, such as waiver, estoppel, and equitable tolling. *See Arbaugh v. Y & H Corp.*, ___ U.S. ___, 126 S. Ct. 1235 (2006). The FMLA defines an eligible employee as one who has been employed for at least 12 months by the employer with respect to whom leave is granted and for at least 1,250 hours of service with that employer during the previous 12-month period. *See* 29 U.S.C. § 2611. The statute then expressly excludes from the definition of "eligible employee" "any employee of an employer who is employed at a worksite at which such employer employs less than 50 employees if the total number of employees employed by that employer within 75 miles of that worksite is less than 50." 29 U.S.C. § 2611(2)(B)(ii); *see also* 29 C.F.R. § 825.110(a)(3) (setting forth the requirement that, to be eligible for FMLA benefits, an employee must work for an employer that employs 50 or more people within 75 miles of the employee's worksite). In *Arbaugh*, the Supreme Court held that "the threshold number of employees for application of Title VII is an element of a plaintiff's claim for relief, not a jurisdictional issue." *Arbaugh*, ___ U.S. at ___, 126 S. Ct. at 1245. Subsequently, the Fifth Circuit Court of Appeals held, "*Arbaugh*

16

has clearly rejected the conflicting view of the Courts of Appeals . . . that employee-numerosity requirements in the FMLA and other statutes are jurisdictional rather than simply an element of a plaintiff's claim for relief." *Minard*, 447 F.3d at 357; *see also Hackworth v. Progressive Casualty Ins. Co.*, 468 F.3d 722, 726 n.4 (10th Cir. 2006) (likewise holding, based on *Arbaugh* and *Minard*, that the failure to qualify as an eligible employee under the FMLA on the basis of the employee-numerosity requirement did not deprive the court of subject matter jurisdiction). Consequently, the court finds that equitable estoppel is applicable to the specific employee-numerosity requirement of the FMLA at issue here, because that requirement is not jurisdictional.

Because the doctrine of equitable estoppel is applicable to the specific employee-numerosity requirement of the FMLA at issue here, the court will pass on to the question of whether or not Tursso is equitably estopped, as a matter of law, to assert that it does not meet that requirement in the circumstances of this case, as Myers contends.

### C. Elements Of Equitable Estoppel

The Second Circuit Court of Appeals held that an equitable estoppel claim under the FMLA, a federal statute, is governed by federal law principles. *Kosakow*, 274 F.3d at 725. Thus, that court held that, under federal law, a party may be estopped from pursuing a claim or defense if the opposing party proves the following elements: (1) the party to be estopped made a misrepresentation of fact to the other party with reason to believe that the other party will rely upon it; (2) the other party reasonably relied upon the misrepresentation; and (3) did so to his or her detriment. *Kosakow*, 274 F.3d at 726 (citing *Heckler v. Community Health Services of Crawford County, Inc.*, 467 U.S. 51, 59 (1984), in turn citing RESTATEMENT (SECOND) OF TORTS § 894 (1979)). The court noted that "[w]hether equitable estoppel applies in a given case is ultimately a question of fact."

17

*Id.* The Eighth Circuit Court of Appeals used a similar formulation of the elements of equitable estoppel in *Duty*, where it considered whether equitable estoppel applied to an employee's "eligibility" under the FMLA. *See Duty*, 293 F.3d at 493-94 ("The principle of [equitable] estoppel declares that [1] a party who makes a representation that misleads another person, [2] who then reasonably relies on that representation [3] to his detriment, may not deny the representation.") (quoting *Farley v. Benefit Trust Life Ins. Co.*, 979 F.2d 653, 659 (8th Cir.1992), and also citing *Heckler*, 467 U.S. at 59, as referring to the RESTATEMENT (SECOND) OF TORTS § 894(1) to define equitable estoppel "as warranted in situations where one person has misrepresented facts and another person reasonably relies on the misrepresentation to his or her detriment"); *see also Slentz*, 448 F.3d at 1011 (also noting the requirements of a misrepresentation and detrimental reliance thereon to prove that the employer should be equitably estopped to assert that an employee was limited to twelve weeks of FMLA leave, citing *Duty*). Therefore, the court will consider whether Myers has established these elements beyond dispute, such that he is entitled to summary judgment on his claim that Tursso is equitably estopped to assert that it is not covered by the FMLA.

### 1.    *Misrepresentation*

#### a.    *Arguments of the parties*

Myers argues that Tursso affirmatively represented in both the Personnel Policies Handbook and the FMLA rights poster that it was covered by the FMLA. He also contends that Tursso's silence about FMLA coverage only applying to employees in St. Paul, but not to employees in Fort Dodge, constitutes a misrepresentation. Tursso, on the other hand, argues that it made no misrepresentations, but merely provided factually and legally accurate information about when and to whom the FMLA applies and what benefits it provides, without any representation that Tursso was actually covered by the

18

FMLA. Tursso asserts that this case is like *Slentz*, 448 F.3d at 1011, in which the court found that equitable estoppel could not be shown, because like the plaintiff in *Slentz*, Myers was not explicitly guaranteed leave for any period of his absence. Indeed, Tursso argues that the Personnel Policies Handbook states only that Tursso "complies" with the FMLA, which is not a representation that Tursso is "covered" by the FMLA. Tursso also points out that the poster concerning FMLA rights posted on the employee notices bulletin board explicitly states that an employer must have more than 50 employees within 75 miles of the worksite to be covered by the FMLA, so that Tursso did not misrepresent the employee-numerosity requirement.

### b. Analysis

Tursso casts the issue on the "misrepresentation" requirement in terms of whether or not it made an explicit promise that Myers would receive FMLA leave for his absence. In *Duty*, the Eighth Circuit Court of Appeals held that the employer had explicitly guaranteed the employee 34 weeks of FMLA leave, thus satisfying the "misrepresentation" element. *See Duty*, 293 F.3d at 494. On the other hand, in *Slentz*, the court held that the letter on which the plaintiff relied to show that his employer was estopped to assert that he was only entitled to twelve weeks of FMLA leave did not explicitly guarantee the employee a specific amount of leave or leave until a specific date, but only assured him twelve weeks of FMLA leave. *See Slentz*, 448 F.3d at 1011. It is true that, as in *Slentz*, Myers was not explicitly guaranteed leave for the specific period of his absence. Nevertheless, the court does not believe that *Slentz* dictates the result in this case, because the standard on the "misrepresentation" element of an equitable estoppel claim is not whether the employer made an explicit promise to a particular employee, but whether "'the defendant[] ha[s] engaged in "affirmative conduct . . . that was designed to mislead or was unmistakably likely to mislead a plaintiff."'" *Redman v. U.S. West Business Resources,*

Case 3:07-cv-03016-MWB   Document 17   Filed 07/13/07   Page 19 of 26

*Inc.*, 153 F.3d 691, 695 (8th Cir. 1998) (FLSA case) (quoting *Bell v. Fowler*, 99 F.3d 262, 268-69 (8th Cir.1996), in turn quoting *Garfield v. J.C. Nichols Real Estate*, 57 F.3d 662, 666 (8th Cir.1995), and citing *Dring v. McDonnell Douglas Corp.*, 58 F.3d 1323, 1329 (8th Cir.1995)).

Applying this standard, the court notes that Myers has not pointed to, and the court has not found, evidence that Tursso made representations *designed* to mislead Myers or other employees about whether or not Tursso employees at the Fort Dodge plant were covered by the FMLA. *See id.* (first alternative to prove misrepresentation). In other words, the court finds no misrepresentation that was made for the specific purpose of misleading employees about whether or not they were covered by the FMLA.

On the other hand, the court does find evidence that at least generates genuine issues of material fact that Tursso's conduct "was unmistakably likely to mislead a plaintiff" into believing that employees at Tursso's Fort Dodge location were covered by the FMLA. *Id.* (second alternative) (internal quotation marks and citations omitted). The Personnel Policies Handbook begins with a representation from the CEO of the company that the "handbook has been assembled to provide you with pertinent company information regarding rules, policies, and benefits." Plaintiff's Appendix at 1. A reasonable factfinder could find that such a statement is unmistakably likely to mislead a plaintiff into believing that he or she is covered by each of the policies described in the Personnel Policies Handbook. Moreover, the Personnel Policies Handbook then states, in pertinent part, that "Tursso Companies' FMLA policy complies with [the FMLA]." Plaintiff's Appendix at 11. The Personnel Policies Handbook specifies, further, what employees are "eligible" for FMLA leave, based on their period of employment and hours worked in the preceding year, but contains no explicit exclusion of employees at the Fort Dodge location. A reasonable factfinder could conclude that these statements in the Personnel Policies

20

Handbook, in the absence of any express limitations, were unmistakably likely to mislead an employee into believing that only his or her period of employment and hours worked were required to qualify for FMLA leave under Tursso's policy. Also, a reasonable factfinder could conclude that Tursso's silence on the question of whether employees at one location were entitled to benefits that employees at another location were not, when Tursso contends that it actually distinguished between employees in St. Paul and Fort Dodge with regard to FMLA leave, was likely to mislead employees in Fort Dodge into believing that they were also covered by the policies laid out in the Personnel Policies Handbook. *Cf. Kosakow*, 274 F.3d at 7725 (finding that the employer's silence about an employee's eligibility for FMLA leave in the face of the employee's announcement of intent to take such leave, amounted to a misrepresentation upon which equitable estoppel could be based). Taken together, a reasonable factfinder could find that these statements were likely to mislead an employee of Tursso at the Fort Dodge location into believing that Tursso is covered by the FMLA and that employees at the Fort Dodge location are eligible for FMLA leave if they meet the period of employment and hours worked requirements. Such a conclusion would not be *required* on the present record, however, so that the court cannot find that Myers has proved this element of his equitable estoppel claim beyond dispute.

On the other hand, the court is simply not persuaded that any reasonable factfinder could accept Tursso's contention that the FMLA rights poster eliminates any likelihood that employees would be misled about FMLA coverage for employees at the Fort Dodge location, simply because the poster explicitly states that a covered employer must have more than 50 employees within 75 miles of the worksite. It is simply not reasonable nor equitable to assume that an employee will necessarily know how many employees an employer has within 75 miles of the worksite, or that an employee would be under any

21

obligation to investigate whether the employee-numerosity requirement was met, in the face of a statement in a personnel policies handbook that is likely to mislead an employee into believing that the employer is covered by the FMLA.

Thus, at the very least, there are genuine issues of material fact as to whether or not Myers can establish the first element of his equitable estoppel claim, so that it is not appropriate to grant summary judgment in either party's favor on the sufficiency of proof of this element.

### 2. Reliance

#### a. Arguments of the parties

Myers admits that his reliance on getting FMLA leave is "somewhat problematic," because his leave was not a matter of choice, but involuntary—indeed, the result of a sudden illness. Nevertheless, he asserts, baldly, that he did rely on the fact that he would be placed back to work when he returned from his illness based on Tursso's notice, in the Personnel Policies Handbook, that Tursso complied with the FMLA. He points out that the Personnel Policies Handbook includes a detailed statement of an employee's right under the FMLA to return to work in the same or an equivalent job if he returns to work within 12 weeks. He also contends that he has, at least, generated genuine issues of material fact on this element. Tursso, on the other hand, argues that it is beyond dispute that Myers did not rely on any alleged representation about Tursso being covered by the FMLA, because Myers never requested or even referred to leave under the FMLA. Tursso contends that, if Myers had relied on the Personnel Policies Handbook as representing that Tursso was covered by the FMLA, he would also have known and followed the requirements that he provide notice of his desire to take FMLA leave and obtain medical certification of the leave. At the very least, Tursso contends that Myers

Case 3:07-cv-03016-MWB   Document 17   Filed 07/13/07   Page 22 of 26

would have followed the directions in the Personnel Policies Handbook to inquire about the availability of FMLA leave, if he had relied on FMLA leave for his absence.

### b. *Analysis*

The court agrees that the "reliance" element is "problematic" where an employee's absence is involuntary, but only in the sense that the employee did not plan an absence in the expectation that the absence would be eligible for FMLA leave. *Cf. Slentz*, 448 F.3d at 1011 (finding that the plaintiff employee could not have relied on any representation of his employer that he was eligible for FMLA leave, because his shoulder surgery, for which he sought such leave, was complete when he received the letter containing the purported misrepresentation). On the other hand, Tursso's FMLA policy explicitly provides procedures for obtaining FMLA leave for unforeseen absences. *See*, *e.g.*, Plaintiff's Appendix at 11 (Personnel Policies Handbook referring to "unforeseen" as well as "foreseeable" leave). Thus, the mere fact that Myers's leave was unforeseen does not necessarily mean that he did not rely on his employer's representations that it was covered by the FMLA, so that he would be eligible for FMLA leave for his involuntary absence and would be able to return to the same or an equivalent job when he returned from his involuntary absence.

Tursso contends that Myers cannot show reliance, because he did none of the things that one would reasonably have expected him to do, if he were relying on Tursso's representations that Tursso was covered by the FMLA. Tursso contends that Myers did not follow the FMLA leave policy as explained in the Personnel Policies Handbook, because he did not notify Tursso that he was seeking FMLA leave, did not provide any medical certification, and never received a Response To Employee Request for FMLA leave form advising him of his eligibility status. *See* Plaintiff's Appendix at 11-12 (Personnel Policies Handbook provisions concerning "Notification" and "Medical

23

Certification" and the employer's response to requests for FMLA leave). Indeed, Tursso maintains that, had Myers followed the notification and medical certification steps in the Personnel Policies Handbook, Tursso would have then notified him that he was not eligible for FMLA leave, because Tursso did not have enough employees at the Fort Dodge plant to be covered by the FMLA. At oral arguments, Myers maintained that he repeatedly notified Tursso of his medical condition, treatment, and prognosis, including when his doctors expected him to return to work, and that he was told to keep Tursso advised of his progress. Unfortunately, evidence of any such communications from Myers to Tursso about his condition are not in the summary judgment record. What is in the record, however, is that Myers attempted to return to work, armed with a slip from his doctor stating that he could return to work for half days to start, but with the expectation that he would be able to work full-time within a week.

In *Duty*, the Eighth Circuit Court of Appeals inferred that the plaintiff employee did rely on the amount of leave time designated by his employer, because the employee contacted the human resources coordinator the day immediately following the end of his FMLA leave as designated in the employer's letter; in other words, the court inferred an employee's reliance on FMLA leave from compliance with the employer's representations concerning FMLA leave. *See Duty*, 293 F.3d at 494. Similarly, here, a reasonable factfinder could infer from evidence that Myers attempted to return to work, with a doctor's slip, that Myers relied on the availability of FMLA leave and the right to return to his prior or an equivalent job at the conclusion of his leave.◘[4] This evidence is not

---

[4]This evidence, coupled with evidence that Myers was fired rather than restored to his prior or an equivalent position when he attempted to return to work, is also sufficient to generate genuine issues of material fact that Myers relied to his detriment on Tursso's

(continued...)

sufficient, however, to prove beyond dispute that Myers reasonably relied, to his detriment, on Tursso's representations that it was covered by the FMLA, where Tursso has pointed to evidence—failure to follow the FMLA leave policy as outlined in the Personnel Policies Handbook—from which a lack of reliance might also be inferred. Therefore, neither party is entitled to summary judgment on Myers's equitable estoppel claim.

## III.  CONCLUSION

Although Myers sought partial summary judgment in his favor on his contention that Tursso is equitably estopped to assert that it is not covered by the FMLA, because it does not meet the employee-numerosity requirement to be covered by the FMLA at the plant where Myers worked, Myers has succeeded only in generating genuine issues of material fact on that contention.  Thus, before the jury will be allowed to decide whether or not Myers has proved his FMLA claims, the jury will be required to resolve factual disputes concerning whether Tursso should be equitably estopped to assert the employee-numerosity requirement as a bar to Myers's FMLA claims.

---

[4](...continued)
representations that it was covered by the FMLA.  *See Duty*, 293 F.3d at 493-94 (the employee must have relied to his detriment on the employer's misrepresentations).

Case 3:07-cv-03016-MWB   Document 17   Filed 07/13/07   Page 25 of 26

THEREFORE, plaintiff Myers's May 11, 2007, Motion For Partial Summary Judgment (docket no. 9) is **denied**.

**IT IS SO ORDERED.**

**DATED** this 13th day of July, 2007.

_Mark W. Bennett_

MARK W. BENNETT
U. S. DISTRICT COURT JUDGE
NORTHERN DISTRICT OF IOWA